GIDEON NYE *v.* GEORGE C. NIGHTINGALE, Assignee.

An assignee for the benefit of creditors, a citizen of the State of Rhode Island, filed a bill in equity in the state court, against a Massachusetts creditor of his assignor, who had obtained a state execution, and the officer charged with the service of the execution,

who was a citizen of Rhode Island, to establish his trust, and to enjoin the sale of the
trust property levied upon by the execution.  Upon a petition by the execution credi-
tor to remove the bill into the circuit court of the United States for the Rhode Island
District, *Held:* that the officer was not a formal, official, or unnecessary party to the
bill, so that his being a co-defendant could be disregarded by the court in considering
whether the applicant was entitled to the jurisdiction which he invoked; and that the
petition must be dismissed.

PETITION for the removal of a bill in equity from this court
to the circuit court of the United States for the Rhode Island
District.  It appeared, that at the December term of the court
of common pleas for the county of Providence, 1858, the peti-
tioner, who is a citizen of the State of Massachusetts, obtained
a judgment against Zachariah Allen, for the sum of $3290.04,
debt, and costs of suit, taxed at $5.70.  On or about the 19th
day of August, 1859, by the death of his sister, Ann, intestate,
Allen, who was greatly insolvent, succeeded, as one of her heirs,
to one undivided fifth part of her real estate, and became enti-
tled, as one of her next of kin, to one fifth part of her personal
estate ; and on the same day assigned all his right, title, and
interest in his said succession to the respondent, Nightingale,
in trust for the benefit of his creditors, with certain preferences.
The assignee, Nightingale, on the same day, placed the deed of
assignment on record, accepted the trust, and was proceeding to
execute the same, when, on the 29th day of September, 1859,
the petitioner, having taken out execution on his said judg-
ment, placed the same in the hands of Roger Williams Potter,
a deputy sheriff of the county of Providence, and a citizen of
the State of Rhode Island, and caused the same to be levied
upon all the real estate to which, as above, the defendant in
execution, Allen, had recently succeeded, and which he had
assigned, as aforesaid, for the benefit of his creditors.  Under
these circumstances, the respondent, Nightingale, filed in this
court the bill now sought to be removed, against the petitioner
and Potter, the officer, setting forth the above facts, praying for
instructions and protection, that his trust might be established,
and the petitioner and the officer Potter be enjoined from em-
barrassing the trust, or proceeding to sell the trust property
levied on under said execution.  The sale under the execution
being imminent, the bill was accompanied by a petition for a

preliminary injunction against the sale, which, after a hearing of the same matter upon similar proceedings had by the assignee against another attaching creditor, for whom the counsel for the petitioner appeared and acted, was granted. No appearance was entered to this bill, or opposition made to the injunction; the counsel for the present petitioner, upon the granting of the injunction, merely ordering the officer, Potter, to adjourn his sale to a time certain, in order to keep alive the levy until the bill could be finally heard and disposed of. It was this bill, with the injunction thereon pending, which the petitioner now sought to remove.

*T. A. Jenckes*, for the petitioner.

There is no objection to the removal except the fact that Potter, the deputy sheriff, is a party defendant. He is an official party merely, not a necessary one, and, for the purposes of jurisdiction, should not be regarded. *Browne & others* v. *Strode*, 5 Cranch, 303; *McNutt* v. *Bland et al.* 2 How. 1; *Huff et al.* v. *Hutchinson*, 14 How. 586; *Wormley* v. *Wormley*, 8 Wheat. 421, 451; *Harrison, Adm'r, et al.* v. *Urann et al.* 1 Story, 64.

There was no necessity for this bill for the purpose of enjoining this execution, since the court of common pleas, out of which it issued, has full power over its own process.

*Wm. H. Potter*, for the respondent.

1. The petitioner, having brought his action in a state court and obtained its process, has submitted himself to the jurisdiction, and cannot, because he has been enjoined by this court from misusing the state process, procure a dissolution of the injunction by removing the case into the circuit court, which has no power, by the judiciary act of the United States, to grant such an injunction. He has elected the state courts as the tribunals for the decision of the subject-matter of his suit, and this bill is ancillary merely to the suit originally commenced by him in the state court. (The case of *Dunn et al.* v. *Clarke et al.* 8 Peters, 1, was referred to by the court.)

2. The officer, Potter, is a necessary party to the relief sought; and being a citizen of Rhode Island, and a co-defendant with the petitioner, the suit cannot be removed.

3. The decree or order for a preliminary injunction recites that the parties appeared and were heard. This is conclusive upon the matter; and consequently this petition comes too late.

AMES, C. J. The substance of this case seems to be, that the petitioner, having obtained the state process for the collection of his debt, has, together with the officer to whom he delivered it, abused the process by levying it upon property other than that of the defendant in execution, to the disturbance and embarrassment of an express trust; and the trustee, having sought and obtained against such abuse an injunction from this court, — the only tribunal competent to grant it, — the petitioner now seeks to remove the suit in which the injunction is granted to a tribunal, which, by the law which limits its jurisdiction, cannot enjoin his process, so that he may wield it without any equitable control whatsoever. In other words, he seeks our jurisdiction to obtain an execution, and having obtained it, would fly to another to avoid all control against his abuse of it. The suggestion that the court of common pleas, out of which the execution issued, can exercise such control, has no foundation; for, although a court of law may revoke an execution unadvisedly issued, it has no power to prevent the improper use of it by the party to whom it has been properly granted.

There is much reason, therefore, in the objection of the respondent, that the petitioner, a citizen of Massachusetts, having applied for and obtained the state process, has thereby so far submitted himself to the state jurisdiction, that he cannot by removing an injunction bill made necessary by his abuse of that process, evade that healthful, equitable, control, which can only be had in the state courts; but that such bill is, for the purposes of jurisdiction, to be deemed ancillary, and not original, within the spirit of *Dunn et al.* v. *Clarke et al.* 8 Peters, 1.

But however this may be, the fact, that Potter, the co-defendant of the petitioner, is a citizen of Rhode Island, is fatal to this petition for removal. He is no formal or unnecessary party, as has been suggested, whose presence a court can disregard in considering this question of jurisdiction; but one, within the criterion recognized in the case of *James & wife* v. *Thurston,*

*Gardner & Co., supra*, 428, against whom a decree is asked, and must be had, in order to the direct and effectual relief by injunction, to which the plaintiff, as trustee, is entitled. Neither is he an official party merely, within the line of cases relied on, who represents, by virtue of some special law, the interests of aliens and citizens of other states. He is not pursued in his official, but in his personal character, as one about to commit a wrong under the false pretence of official action. In his official character a court of equity has no control over him whatsoever; but, notwithstanding that character, if he assumes a power over property which the law does not give him, considers him as no longer acting under the authority of his commission, and treats him as a person, merely, dealing with property without any authority whatsoever. *Greene* v. *Mumford*, 5 R. I. Rep. 475, and cases cited. In this it does not differ from a court of law, which regards a sheriff, who, upon an execution against A. seizes the goods of B., as a mere trespasser, to be personally and not officially pursued for his trespass.

In this view it becomes unnecessary to decide upon any other objection which has been made to the removal of this suit, and this petition must be dismissed, with costs.